104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas TWIDDY, Plaintiff-Appellant,
v.
CITY OF HEALDSBURG; S. Brouchard, Officer; Spotswood,
Officer; Steve Cox, Officer; Rob Thiessen, Res
Officer, Defendants-Appellees.
 No. 96-15879.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Twiddy appeals pro se the district court's summary judgment in favor of the City of Healdsburg ("City") and several Healdsburg police officers in Twiddy's 42 U.S.C. § 1983 action alleging that he was harassed by the City Police Department on a number of occasions dating back to 1980. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Twiddy contends that the district court erred by concluding that defendants were entitled to qualified immunity as to Twiddy's claim that he was unlawfully arrested for driving with a suspended license. We review de novo the district court's conclusion regarding defendants' entitlement to qualified immunity. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 
 4
 In deciding the merits of a qualified immunity defense to "liability for Fourth Amendment violations, the district court must determine whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." Id. (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). "Probable cause [to arrest] existed if 'at the moment the arrest was made ... the facts and circumstances within [the police officer's] knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing' that [the suspect] had violated [the law]." Hunter v. Bryant, 502 U.S. 224, 228 (1991) (per curiam) (citation and internal quotations omitted).
 
 
 5
 Here, Twiddy was arrested for driving with a suspended license on March 30, 1995, based upon information officers obtained from the California Department of Motor Vehicles ("DMV"). Officer Cox submitted an affidavit with attached documentation that established that when he returned to work the following day, he received a message from a DMV employee stating that the DMV had provided incorrect information, and that Twiddy's license was not suspended. After reviewing the information upon which defendants based their conclusion that there was probable cause to arrest Twiddy for driving with a suspended license, we conclude that a reasonable officer could have believed that arresting Twiddy was lawful. See Hunter, 502 U.S. at 228-29; Act Up!/Portland, 988 F.2d at 871.
 
 
 6
 Next, Twiddy contends that the district court erred by concluding that his remaining causes of action are barred by res judicata. We review de novo the district court's conclusion that a claim is barred by res judicata. C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987).
 
 
 7
 The doctrine of res judicata establishes that a final judgment on the merits of an action precludes parties from relitigating issues that were or could have been raised in that action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). State court judgments are entitled to full faith and credit in federal courts for the purposes of claim and issue preclusion. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81 (1984).
 
 
 8
 Here, Twiddy had previously filed a nearly identical complaint in Sonoma County Superior Court in which he raised the same issues as those presented here, with the exception of the qualified immunity claim discussed above. The state court found that Twiddy's claims were time-barred and granted summary judgment for defendants in that action. See Twiddy v. Healdsburg, No. SVC-199702 (Cal.Sup.Ct. Feb. 17, 1994).
 
 
 9
 Because Twiddy's remaining claims arose out of the same transactional nucleus of facts as in the case previously adjudicated in state court, these claims are precluded by res judicata. See C.D. Anderson & Co., 832 F.2d at 1100.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' request to take judicial notice of state court orders appended to their brief is granted. See Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207 n. 5 (9th Cir.1995), cert. granted, 65 U.S.L.W. 3219 (U.S. Oct. 1, 1996) (No. 95-1621)